# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust 2006-2,<br><br>Plaintiff,<br><br>v.<br><br>VALERIE R. YINGST and ROBERT G. YINGST,<br><br>Defendants. | CIVIL ACTION NO. 3:CV-12-2526<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Mortgage Foreclosure Complaint of Plaintiff Deutsche Bank National Trust Company, as trustee for Long Beach Mortgage Loan Trust 2006-2 ("Deutsche Bank"). (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## **I. Background**

Plaintiff filed this action on December 18, 2012. Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (*Compl.*, ¶ 3.) The Complaint states that Deutsche Bank "is a corporate body having a place of business c/o JPMorgan Chase Bank, National Association, 3415 Vision Drive, Columbus, OH 43219." (*Id*. at ¶ 1.) The Complaint also states that Defendants Valerie R. Yingst and Robert G. Yingst "reside at 9 Mount Effort Drive, Effort, PA 18330." (*Id*. at ¶ 2.)

## **II. Analysis**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua*

*sponte. See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a

2

complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

In the matter *sub judice*, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of Plaintiff. While Plaintiff avers in its Complaint that it is a corporate body having a place of business in Ohio, this appears to be an insufficient declaration of corporate citizenship. Here, Plaintiff does not allege its principal place of business or its state of incorporation. As such, the citizenship of Plaintiff is not properly alleged.[1]

In addition, diversity is insufficiently alleged as to Defendants. Plaintiff alleges in its Complaint that Defendants "reside" in Pennsylvania. (*Compl.*, ¶ 2.) It is well established that the term "citizenship" is not synonymous with "resident." *See Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity; two elements are necessary to establish domicile, residency coupled with an intent to continue to remain in that location"); *see also Wachovia Bank, N.A. v. Ford*, No. 3:09-CV-

---

[1] Alternatively, to the extent that Plaintiff is a national banking association, Plaintiff also fails to properly allege its citizenship for purposes of diversity jurisdiction. "[N]ational banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has interpreted this language to mean that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). Here, the Complaint does not state the location of Deutsche Bank's main office as it appears in its articles of incorporation.

778, 2009 WL 1140532 (M.D. Pa. Apr. 27, 2009). Here, to properly allege diversity, Plaintiff must allege the state of citizenship of Defendants, not merely their state of residence.

Therefore, because Plaintiff fails to allege necessary facts regarding the citizenship of the parties, the Court cannot determine whether complete diversity of citizenship exists and thus cannot exercise jurisdiction.

### III. Conclusion

Plaintiff's Complaint fails to show the existence of subject matter jurisdiction. The Plaintiff will be given twenty-one (21) days in which to file an amended complaint if it can show that diversity of citizenship jurisdiction exists. Failure to do so will result in this action being dismissed.

An appropriate order follows.


December 19, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge